UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24652-BLOOM/Elfenbein

JUAN JOSE PORTES, JUAN JOSE
PORTES, and ROMINA PORTES,

    Plaintiffs,

v.

CITY OF DORAL, ARIEL GONZALEZ, HAKIME
ST. CYR, JEAN VALEZ, JAVIER SARMIENTO,
and REGIONS SECURITY SERVICES, INC.,

    Defendants.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiffs Juan Jose Portes, Juan Jose Portes Jr., and Romina Portes' (collectively "Plaintiffs") Motion to Remand ("Motion"), ECF No. [5]. Defendants City of Doral, Ariel Gonzalez, Hakime St. Cyr, Jean Valez, Javier Sarmiento, and Regions Security Services, Inc. (collectively "Defendants") filed a Response in Opposition, ("Response"), ECF No. [9]. Plaintiffs did not file a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.   BACKGROUND**

Plaintiffs initially filed their Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County on September 9, 2024. ECF No. [1-2]. Plaintiffs served Defendants City of Doral and Regions Security Services, Inc. on September 24, 2024,[1] and September 27, 2024,

---

[1] On September 24, 2024, Plaintiffs also served City of Doral Police Department – who is not listed as a Defendant in this case. *See* ECF No. [1-3] at 1.

respectively. ECF No. [1-3] at 2-3. Plaintiffs served Defendants Ariel Gonzalez, Hakime St. Cyr, Jean Valez, and Javier Sarmiento, on November 8, 2024. ECF No. [1-3] at 69-72. On November 26, 2024, Gonzalez removed the case to this Court. ECF No. [1].

The Complaint centers around an incident that occurred on February 14, 2023 and asserts six claims: (1) False Arrest/False Imprisonment; (2) Excessive Force in Violation of the Fourth Amendment; (3) Negligence; (4) Assault; (5) Battery; and (6) Infliction of Emotional Distress. ECF No. [1-2]. Counts I, II, IV, V mention Gonzalez only; Count III and VI mention all Defendants. Plaintiffs seek relief from all Defendants on all Counts.

In their Motion, Plaintiffs assert removal was untimely because Defendants were served on September 24, 2024, and removed the case on November 26, 2024. ECF No. [5] at 2. Further, Plaintiffs contend there is no diversity of citizenship. *Id.* at 3. Defendants respond that the Motion should be denied because Plaintiffs failed to comply with Local Rule 7.1(a)(3) of the United States District Court for the Southern District of Florida. ECF No. [9] at 3-4. Defendants contend removal was timely because Gonzalez removed the case within thirty days of being served, and the Court has federal question jurisdiction.

## II. LEGAL STANDARD

### A. Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. . . . If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(A), (C).

### B. Jurisdiction

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). "The jurisdiction of a court over the subject matter of a claim. . . cannot be waived or otherwise conferred upon the court by the parties." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala*., 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

Federal question jurisdiction is governed by the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim[.]"

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (internal citation omitted). "Unless a 'substantial' federal question is presented on the face of the complaint, the case does not arise under federal law." *Spear ex rel. Spear v. Publix Super Mkts., Inc.*, 2008 WL 5276441, at *1 (S.D. Fla. Dec. 18, 2008).

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).

## III. DISCUSSION[2]

### A. Removal Was Timely

Plaintiffs contend that removal was untimely because Defendants were served on September 24, 2024. ECF No. [5] at 2. Plaintiffs assert that to effectuate service of process on several police officers, service of one legal document to the police department is permissible.

---

[2] At the outset, the Court finds that Plaintiffs failed to comply with Local Rule 7.1(a)(2). The Rule requires a movant to "confer (orally or in writing) or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(2). Further, the movant must certify that they conferred, or made reasonable efforts, to confer. *Id.* Here, the Motion does not certify that Plaintiffs conferred with Defendants. Compliance with the Local Rules is mandatory, and non-compliance with the Local Rules is grounds for denying the Motion. *See Taveras v. Fla. Dep't of Transp.*, 2023 WL 5428488, at *2 (S.D. Fla. Aug. 23, 2023). The Court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999), and therefore considers the merits of this Motion. Nevertheless, Plaintiffs are cautioned that failure to comply with the Local Rules may warrant sanctions.

Therefore, Plaintiffs argue that service on City of Doral Police Department in September was sufficient service. *See* ECF No. [1-3] at 1. Defendants respond that while City of Doral was served on September 24, 2024, Gonzalez was not served until November 8, 2024. ECF No. [9] at 4. Defendants assert that Plaintiffs' claim alleging a violation of the Fourth Amendment of the United States Constitution was brought against Gonzalez only and is what served as Defendants' basis for removal. *Id.* Thus, only Gonzalez could remove the matter. *Id.*

Plaintiffs are correct that a notice of removal must be filed within thirty days of service, *see* 28 U.S.C. § 1446(b). However, as Defendants correctly point out, Gonzalez was not served until November 8, 2024. ECF No. [1-3] at 70. Federal Rule of Civil Procedure 4(e) provides that an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In Florida, service of process is made by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). Here, service was effectuated on Gonzalez on November 8, 2024, not on September 24, 2024, when Plaintiffs served City of

Doral and its police department. ECF No. [1-3] at 70; *see also Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (quashing service of process for failure to serve individual police officer).

The Court finds that Gonzalez timely removed the case. In 2011, 28 U.S.C. § 1446(b)(2) was amended for removal of cases involving multiple defendants. Section 1446(b)(2) states: "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B); *see Bailey v. Jansen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) (Eleventh Circuit's adoption of the later-defendant rule prior to the amendment). Gonzalez filed the Notice of Removal on November 26, 2024, to which all Defendants consented. ECF No. [1]. Thus, removal was timely.

### B. Subject Matter Jurisdiction

Plaintiffs assert that the Court is without jurisdiction because there is no diversity jurisdiction, as all parties are citizens of Florida. ECF No. [5] at 3. Defendants respond that Plaintiffs' argument is misplaced because the Court has federal question jurisdiction over the matter. ECF No. [9] at 5-6.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the face of the Complaint presents a federal question – namely, a purported violation of Plaintiffs' rights under the Fourth Amendment of the United States Constitution. *See* ECF No. [1-2] at 41.

Because the Court has jurisdiction over Plaintiffs' claim asserting a Fourth Amendment violation, supplemental jurisdiction exists over Plaintiffs' state-law claims, as all claims stem from the same February 14, 2023 incident. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Accordingly, as the Court has federal question jurisdiction to hear Plaintiffs' claims, and Gonzalez timely removed the case, Plaintiffs' Motion must be denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand, **ECF No. [5]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record