UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24652-BLOOM/Elfenbein

JUAN JOSE PORTES,

    Plaintiffs,

v.

CITY OF DORAL, ARIEL GONZALEZ, HAKIME
ST. CYR, JEAN VALEZ, JAVIER SARMIENTO,
and REGIONS SECURITY SERVICES, INC.,

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO AMEND THE COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Juan Jose Portes, Jr's ("Plaintiff") Renewed Motion for Leave to Amend the Complaint ("Renewed Motion"), ECF No. [67]. Defendant Regions Security Services, Inc. ("Regions") filed a Response, ECF No. [69], to which Plaintiff filed a Reply, ECF No. [70]. Defendants the City of Doral ("the City") and Ariel Gonzalez, Hakime St. Cyr, Jean Valez, and Javier Sarmiento's (collectively "Individual Officers" or "Officers"), filed a Response, ECF No. [71], to which Plaintiff filed a Reply, ECF No. [72]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.   BACKGROUND**

Plaintiff's claims stem from an event at his gated apartment complex in Doral, Florida, where Plaintiff was arrested. The Amended Complaint was filed on behalf of Plaintiff, and his parents, Juan Jose Portes, and Romina Portes. ECF No. [39]. The Amended Complaint alleged eight claims: (1) false arrest/false imprisonment against Officers Ariel Gonzalez and Hakime St.

Cyr (Count I); (2) excessive force in violation of the Fourth Amendment against Officers Gonzalez, St. Cyr., and Jean Valez (Count II); (3) negligence against all Defendants, consisting of all Individual Officers, the City of Doral, Javier Sarmiento, and Regions Security Services (Count III); (4) assault against Officer Gonzalez (Count IV); (5) battery against Officers Gonzalez, St. Cyr, and Valez (Count V); (6) infliction of emotional distress against all Defendants (Count VI); (7) defamation against all Defendants (Count VII); and (8) "cruelty" and unusual punishment in violation of the Eighth Amendment against Officers Gonzalez and Valez (Count VII). *Id.*

On July 3, 2025, the Court entered an Omnibus Order on Defendants' Motions to Dismiss. *See* ECF No. [55]. The Court dismissed all claims against Plaintiff's parents for lack of standing because the parents' only connection to the incident was that they are Plaintiff's parents. *Id.* at 9. The Order further dismissed Counts IV, V, VII, and VIII, with prejudice as to all Defendants; dismissed Count III with prejudice as to the Individual Officers, but with leave to amend as to Regions and the City; dismissed Count VI without prejudice and with leave to amend. *Id.* at 32-33. The Court denied the Individual Officers' Motion to Dismiss as to Counts I and II. *Id.* at 35.

In response to the Court's Order, Plaintiff filed a Motion for Leave to Amend and the Second Amended Complaint. *See* ECF Nos. [63], [64]. Plaintiff sought leave to amend to "alleg[e] facts establishing that [] Juan Portes Sr. and Romina Portes personally suffered a direct intrusion upon the curtilage of their home and a violation of their own Fourth Amendment rights as property owners, independent of derivative injury." ECF No. [63]. Further, Plaintiff sought "leave to formally name as a Defendant the Doral police officer who used force against Plaintiff Juan Jose Portes Jr." *Id.* The Court denied the Motion and struck the Second Amended Complaint because the Motion failed to comply with Southern District of Florida Local Rule 7.1(a)(3). ECF No. [66].

Case No. 24-cv-24652-BLOOM/Elfenbein

In Plaintiff's Renewed Motion, he seeks leave to amend to add an "unidentified officer who used force by twisting [Plaintiff's] arms and kicking his leg[.]" ECF No. [67] at 2. Plaintiff contends that the City has not disclosed the officer's identity despite multiple requests. *Id.* Further, Plaintiff seeks leave to amend to reassert and clarify his claims for "Failure to Intervene" and "*Monell* Claim for Failure to Train/Supervise." *Id.* Plaintiff's parents also seek leave to assert a Fourth Amendment violation "due to the warrantless intrusion onto the curtilage of their home and the disturbance of their peace and privacy." *Id.* at 1.

Regions responds that allowing amendment would cause undue delay and prejudice to Regions because the Renewed Motion pertains to claims involving the City and the Individual Officers only, and thus, granting leave to amend would further delay the proceedings. ECF No. [69]. Further, Regions contends that the Second Amended Complaint attached to the Renewed Motion fails to comply with the Court's Order as it continues to commingle claims. *Id.* Plaintiff replies that the Second Amended Complaint includes valid claims against Regions and is not limited to the other Defendants. ECF No. [70]. Plaintiff further asserts that the Second Amended Complaint does not commingle claims and complies with the Court's Order. *Id.*

The City and the Individual Officers respond that the deadline to amend pleadings has long since expired, and that the proposed amendment exceeds the scope of the Court's Order. ECF No. [71]. Further, the City and the Individual Officers contend that further amendment is futile because Plaintiff's amended claims fail as a matter of law, and request dismissal pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Plaintiff replies that dismissal under Rule 41(b) is wholly unsupported as Plaintiff complied with the Court's deadline to file an amended complaint, but seeks only to further clarify his claims. ECF No. [72]. Plaintiff asserts that the Amended Complaint complies with the Court's Order. *Id.*

## II. LEGAL STANDARD

### A. Leave to Amend

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

A scheduling order may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When, as here, a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [the] Court must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Accordingly, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa, 133 F.3d.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil

4

Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quotation omitted). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* But, if the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### B. Rule 41(b)

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Dismissal under Rule 41(b) is appropriate where there is a finding that the conduct (or lack thereof) is willful and that lesser sanctions would not suffice." *Williams v. Geo Grp., Inc.*, Civil No. 20-cv-81960, 2022 WL 848037, at *2 (S.D. Fla. Mar. 21, 2022), *aff'd*, No. 22-11266, 2023 WL 1957496 (11th Cir. Feb. 13, 2023). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citation and internal quotation marks omitted); *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("The severe sanction of dismissal with prejudice, however, can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." (citation and internal quotation marks omitted)).

### III. DISCUSSION

#### A. Leave to Amend

Plaintiff seeks leave to amend outside the scope of the Court's Order to: (1) clarify and assert claims that Plaintiff's parents personally suffered a Fourth Amendment violation due to the warrantless intrusion onto the curtilage of their home and the disturbance of their peace and privacy; (2) add as a defendant the officer who applied force to Plaintiff, whose identity has been withheld despite repeated discovery requests; and (3) reassert his claims for "Failure to Intervene" and "*Monell* Claim for Failure to Train/Supervise," which are necessary to "clarify the scope of the claims consistent with the factual allegations and to ensure the case proceeds to resolution on the merits." ECF No. [67]. Regions responds that any amendment would cause undue delay and prejudice to Regions, as the Second Amended Complaint pertains to claims against the City and the Individual Officers. ECF No. [69]. The City and the Individual Officers contend that Plaintiff has failed to show any good cause for leave to amend. ECF No. [71].

Upon review, Plaintiff fails to show the good cause necessary to justify leave to amend at this stage. First, the deadline to amend the pleadings was February 21, 2025, and the Court's "scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). The Court is cognizant that Plaintiff is proceeding *pro se.* However, "[a] *pro se* plaintiff is responsible for following court orders and is subject to the same sanctions as any other litigant." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (footnote omitted); *see also Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."). This Court has

6

consistently held that "good cause is not shown if the amendment could have been timely made," and Plaintiff fails to present any reason why this amendment could not have been timely made. As to the claims asserted on behalf of Plaintiff's parents, the Renewed Motion provides no explanation as to why this claim could not be brought initially. As to the claim involving the unidentified officer, this is the first time Plaintiff raises this issue, and the record reflects that Plaintiff has not requested relief from the Magistrate Judge for any purported discovery violation. *See Nutradose Labs, LLC v. Bio Dose Pharma, LLC*, Case No. 22-cv-20780, 2022 WL 17582272, at *2 (S.D. Fla. Dec. 12, 2022). As to Plaintiff's claims for "Failure to Intervene" and "*Monell* Claim for Failure to Train/Supervise," Plaintiff is reminded that the Court's July 3, 2025, Order on Defendants' Motions to Dismiss governs the extent to which Plaintiff may amend his complaint.[1] The Court's Omnibus Order provided the parameters, and no good cause exists to exceed those parameters.

Second, the Court rejects Plaintiff's argument that the claims asserted on behalf of Plaintiff's parents are not new claims, but are "clarifying legal articulation of already-pled factual allegations that fall within the scope of the events alleged from the outset." *See* ECF No. [72]. Although the claims may arise out of the same incident, Plaintiff seeks to allege new theories of liability, all of which could have been pled at the outset. Plaintiff seeks another bite at the proverbial apple but has failed to provide any caselaw that would warrant such late amendment. *See, e.g.*, *Donahay*, 243 F.R.D. at 699 ("The Court finds good cause does not exist to disturb the present posture of the case with additional claims—claims that could have been timely pled—

---

[1] As to Plaintiff's *Monell* claim, the Court granted Plaintiff leave to amend his negligence claim against the City because Plaintiff referenced 42 U.S.C. § 1983 when defending his claim against the City. *See* ECF No. [55] at 33. This Order addresses only with Plaintiff's request to amend his Complaint *beyond what has been granted to him* and has no bearing on the Court's prior orders. Moreover, the Court declines to address Defendants' arguments that the Second Amended Complaint is legally insufficient. Defendants present no authority that would permit the Court to analyze the merits of Plaintiff's claims at this posture, nor will the Court piecemeal the sufficiency of certain claims.

requiring further discovery and modification of the current scheduling order."). Accordingly, Plaintiff's Renewed Motion is denied.

### B. Involuntary Dismissal Under Rule 41(b)

The City and the Individual Officers request that the Court dismiss Plaintiff's case under Rule 41(b) for failure to comply with the Court's Order. ECF No. [71].[2] Plaintiff responds that this argument is baseless as Plaintiff did file an amended complaint by the Court's deadline, but nevertheless filed this Motion in good faith, and there is no evidence of undue delay, bad faith, or dilatory motive. ECF No. [72].

Here, Plaintiff defied the Court's direct order, *see* ECF No. [55], when he filed a proposed amended complaint, and Motion, that exceeded the scope of what the Court granted. Additionally, aside from granting to leave to amend in its Omnibus Order, the Court again instructed Plaintiff in its Order on the Motion for Leave to Amend on what claims could be amended. ECF No. [66]. Nevertheless, the Court "does not believe that case-ending sanctions are appropriate at this juncture and under the circumstances of this case." *Taveras v. Fla. Dept. of Transp.*, CASE NO. 22-CV-23745, 2023 WL 9510534, at *5 (S.D. Fla. Dec. 4, 2023), *report and recommendation adopted*, 2024 WL 417112 (S.D. Fla. Feb. 5, 2024); *see Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1302 (11th Cir. 2009) (noting that "severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not suffice" (internal quotation marks and citation omitted)).

In the Court's Omnibus Order, the Court denied the Motions to Dismiss as to Plaintiff's claims for false imprisonment and excessive force against the Individual Officers. *See* ECF No. [55] at 22-29. The Court dismissed Plaintiff's claims for negligence and infliction of emotional

---

[2] Regions does not explicitly request dismissal under Rule 41(b), but does request that the Court dismiss this matter with prejudice for failure to comply with the Court's clear directive. *See* ECF No. [69].

distress, but with leave to amend. All other claims were dismissed without leave to amend. Any Amended Complaint shall be consistent with the Omnibus Order, and Plaintiff is cautioned that the further failure to adhere to the Court's Orders and rules will result in sanctions, including but not limited to, monetary sanctions and the dismissal of this lawsuit.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Renewed Motion, **ECF No. [67]**, is **DENIED**.

2. As per the Court's Omnibus Order, ECF No. [55], shall file a Second Amended Complaint **no later than September 29, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record