September 15, 2025



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY ________ D.C.
Susan Shore-Inkrid
SEP 17 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

JUAN JOSE PORTES,
JUAN JOSE PORTES,
ROMINA PORTES.,
Plaintiffs,

CASE: **1:24-cv-24652**

Complaint Filed: 9.09.2024
11th Cir. Case No.: 2024-017159-CA-01

vs.

THE CITY OF DORAL, a municipal corporation, ARIEL GONZALEZ, individually, HAKIME ST. CYR, individually, JEAN VALEZ, individually and JAVIER SARMIENTO, individually, REGIONS SECURITY SERVICES, INC., a Florida corporation,
Defendants.
_______________________________/

**MOTION FOR VOLUNTARY DISMISSAL**

COMES NOW Plaintiff, Juan Jose Portes, Jr., appearing pro se, and pursuant to Federal Rule of Civil Procedure 41(a)(2), respectfully moves this Honorable Court for an order granting voluntary dismissal of this action. In support of this request, Plaintiff states that he no longer wishes to proceed with this lawsuit due to the burdens and undue distress the litigation process has caused him and his family. Plaintiff seeks dismissal not because the claims lack merit, but because the process has strayed far from the original purpose of addressing the violations of his constitutional rights, and continuation would only cause further hardship.

Plaintiff deeply regrets having to file this motion. This case was originally brought to vindicate the violation of Plaintiff's constitutional rights — false arrest, excessive force, and unlawful intrusion — yet it has strayed far from those merits. Instead of focusing on the facts of the night of the incident, Defendants have turned discovery into a fishing expedition. They have questioned not only the pleadings themselves, but also placed Plaintiff's parents under scrutiny simply for helping their son seek justice, like any parent would and because their rights were also violated that night.

Depositions have been used not to obtain admissible evidence, but to harass, humiliate, and intimidate. Defendants have pressed irrelevant and demeaning questions — about who typed documents, about private family matters, about finances, past mental health diagnoses, medications Plaintiff may have taken throughout his life— not to test the merits of the claims, but to create collateral attacks and to find a way to dismiss this case.

Defendants have even gone so far as to ask Plaintiff's own parents to opine on whether their son is "capable" of litigating this case without assistance. Even though that question was offensive and irrelevant to the merits of the claims, Plaintiff has no hesitation in answering truthfully: no pro se litigant is capable

of navigating complex litigation entirely without some form of assistance, whether clerical, emotional, or logistical. That reality does not diminish the validity of Plaintiff's filings or the merits of his claims. Yet forcing such questions upon Plaintiff's parents demonstrates how this case has strayed from its purpose and how discovery has been weaponized to harass rather than to uncover relevant facts. It is precisely this type of conduct that has left Plaintiff without hope of finding justice in this forum and compels him to seek voluntary dismissal.

Plaintiff's parents were also mocked with questions such as "Are your financial difficulties the motivation of this lawsuit?", "Would you agree that if you were awarded millions of dollars in this lawsuit it would alleviate those financial difficulties?" These questions had no bearing on the claims in this case and served no purpose other than to embarrass and intimidate, as they know Plaintiff's financial hardship is a consequence of this same incident as he and his family had to relocate due to no longer feeling safe in their previous home, they had to spend all they had, including the proceeds from the sale of their apartment to move out as soon as they could. Moreover, this line of questioning carried the clear implication that Plaintiff's lawsuit lacks merit and

that he is pursuing it solely out of financial desperation. Such insinuations unfairly reduce serious constitutional violations to a suggestion that his only motivation is "needing the money.", Furthermore, Plaintiff wishes to make clear that this case was never about money. It was always about justice and accountability, and about setting a precedent to help deter similar violations from happening to others in the future. Although Plaintiff has the right to be compensated for the damages he suffered, his primary motivation in bringing this lawsuit was never financial gain but rather to seek justice for the wrongdoing and to help ensure that what happened to him and his family does not happen to others.

Now Defendants are seeking additional depositions of Plaintiff's parents, not to obtain testimony relevant to the incident at issue, but to persist in intimidating and harassing them with repeated questions about "who types the pleadings." This misguided approach reflects how far this case has strayed from its original purpose. The process itself has become a source of emotional distress for Plaintiff and his family, to the point where Plaintiff has lost faith in the possibility of justice and no longer wishes to continue with this action.

Proceeding pro se has left Plaintiff vulnerable. Unfortunately, he does not have the financial means to retain counsel. Defendants have seized upon this disadvantage and, rather than defending the claims on their merits, have used it as a weapon against him. Plaintiff has learned firsthand that without resources to hire an attorney, it is nearly impossible to obtain justice in this forum.

The burdens of this litigation have now become overwhelming. Instead of healing, Plaintiff and his family have been subjected to additional pain and suffering through the litigation process itself. For the sake of his own peace and the well-being of his family, Plaintiff cannot continue.

Therefore, Plaintiff respectfully seeks voluntary dismissal of this lawsuit — not because the claims lack merit or because Defendants have presented valid evidence or arguments in their defense, but because Defendants have succeeded in draining Plaintiff and his family of the energy to continue. Plaintiff still believes the merits are strong but has no choice but to step away.

Because Plaintiff seeks voluntary dismissal of this action under Rule 41(a)(2), the claims in this lawsuit will be dismissed, and there will no longer be a live case or controversy requiring further discovery. Accordingly, any additional depositions Defendants may seek to schedule should be canceled as moot. Proceeding with further depositions at this stage would serve no purpose and would only cause Plaintiff and his family additional burden and distress when this case is being withdrawn.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant this unopposed Motion and enter an order voluntarily dismissing this action pursuant to Federal Rule of Civil Procedure 41(a)(2), and for such further relief as the Court deems just and proper.

Dated September 15, 2025

Respectfully Submitted,

***/s/ Juan Portes***
Juan Portes
Without Prejudice

c/o 507 Buckner Avenue N. #212
Everglades City, FL 34139
Ph: (305) 718-3975
Email:rominaportes@gmail.com

## Certificate of Conferral

Pursuant to Local Rule 7.1(a)(3), Plaintiff certifies that he conferred in good faith with counsel for Defendants regarding the relief requested in this motion. Plaintiff communicated his intent to seek voluntary dismissal of this action. Defendants do not oppose this motion.

## CERTIFICATE OF SERVICE

CASE: **1:24-cv-24652**

I HEREBY CERTIFY that on this 15th day of September 2025; I mailed this filing with the foregoing document to the Clerk of Court via Priority Mail Express and served a copy upon Defendants via first class mail.

Parties Served:
**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ**
**Nicholas A. Stearns, Esq**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendants, City, St. Cyr, Gonzalez, Valez & Sarmiento**
2455 East Sunrise Boulevard Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
stearns@jambg.com
railey@jambg.com
young@jambg.com
cisaac@jambg.com
nunez@jambg.com
Nastearns@jambg.com
Cardona@jambg.com

---

**KEVIN L. GRIFFIS, ESQ.**
**BRANDON G. WAAS, ESQ.**
COLE, SCOTT & KISSANE, P.A.
**Counsel For Regions Security Services, Inc**
9150 South Dadeland Boulevard, Suite 1400
Miami, FL 33256
(305) 350-5369 (Phone)
kevin.griffis@csklegal.com
brandon.waas@csklegal.com
luz.lopez@csklegal.com
brittney.grant@csklegal.com

By: ***/s/ Juan Portes***
Juan Portes
Without Prejudice
c/o 507 Buckner Avenue N. #212
Everglades City, FL 34139
Ph: (305) 718-3975
Email: rominaportes@gmail.com

MAIL
XPRESS®

T RATE
ELOPE
TE ■ ANY WEIGHT

dule Free Package Pickup,
can the QR code.

PS.COM/PICKUP

October 2023
1/2 x 9 1/2

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

EI 951 965 264 US

CUSTOMER USE ONLY

FROM: (PLEASE PRINT) PHONE 305 718-3975

Juan-Jose: Portes
P.O. BOX 212
Everglades City, FL 34139

REC'D BY ______ D.C.
SEP 17 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( ) ______

Clerks Office
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

ZIP + 4® (U.S. ADDRESSES ONLY)
33128

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PAYMENT BY ACCOUNT (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

checked

ORIGIN (POSTAL SERVICE USE ONLY)

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|
| PO ZIP Code: 34139 | Scheduled Delivery Date (MM/DD/YY): 9/17/25 | Postage: $ 31.40 | |
| Date Accepted (MM/DD/YY): 9/15/25 | Scheduled Delivery Time: ☐ 6:00 PM | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 2:25 ☐ AM ☑ PM | | Return Receipt Fee: $ 4.40 | Live Animal Transportation Fee: $ |
| Special Handling/Fragile: $ | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ | |
| Weight: lbs. ozs. ☑ Flat Rate | Acceptance Employee Initials: MS | | |

DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, NOVEMBER 2023 PSN 7690-02-000-9996

PEEL FROM THIS CORNER

PAPER POUCH
how2recycle.info

UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.